(121 App. Div. 75)

### HEINTZ v. CONTINENTAL CASUALTY CO.

(Supreme Court, Appellate Division, Fourth Department. July 9, 1907.)

INSURANCE—AVOIDANCE—BREACH OF WARRANTY—MISREPRESENTATION AS TO SALARY.

Where an application for accident insurance stated that the applicant had an income of a certain amount, the representation was a warranty, and, if untrue, the policy is not enforceable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 560–563.]

Appeal from Trial Term, Erie County.

Action by Jacob C. Heintz against the Continental Casualty Company. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed and remanded.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Walter S. Jenkins, for appellant.

Eugene L. Falk and J. Craig Roberts, for respondent.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide event.

The action was brought to recover upon a policy of accident insurance for partial disability for a period of 26 weeks, by reason of an accident to the plaintiff. The defenses interposed were: (1) breach of warranty, plaintiff having stated that his weekly income was $300, which was untrue. (2) Failure to give notice of the accident within 10 days. (3) Failure to furnish proofs of loss within 30 days. (4) Excessive recovery, 26 weeks at $15 per week. The court directed a verdict for plaintiff, leaving only damages to be assessed by jury.

As to the first defense, the representations were warranties under the terms of the policy. He stated his weekly income was $300 per week, and upon the evidence of the plaintiff himself, given on the trial, this was untrue. He had no such income. This would seem to have been a perfect defense to the action. Dwight v. Germania Life Ins. Co., 103 N. Y. 341, 8 N. E. 654, 57 Am. Rep. 729. There does not seem to be any adequate answer made to this defense, on the argument; except that the statement was inadvertently made. It was made, however, was a warranty, the policy was issued in reliance upon it, and, it being untrue, the policy is not enforceable.

It is said, also, that, both parties having moved for the direction of a verdict, the court, and not the jury, had the right to find the facts. But this rule did not authorize the court to find a fact without evidence, or directly contrary to the evidence. There was no dispute as to the facts constituting this defense, and the law is well settled.

We think there was a failure to serve the 10-day notice, and to furnish the proofs of loss within 30 days, as required by the terms of the policy. Whether there was any waiver may well be doubted. Certainly the damages were excessive in any view of the case. Plaintiff was not entitled to full 26 weeks' indemnity at $15 per week, the highest figure possible to fix. The rate per week should at least have been much less.

There are abundant reasons for granting a new trial in the case. All concur.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event, upon questions of law and fact.